Submitted on plea of no contest July 7, reprimand ordered August 2, 1983

In Re: Complaint as to the Conduct of

## WILLIAM D. YOUNG,
*Accused.*

(OSB 81-37, SC 29846)

666 P2d 1339

## MEMORANDUM OPINION

The Oregon State Bar filed a complaint against William D. Young accusing him of unethical conduct concerning his representation of a client in a United States District Court case. The complaint alleged that Young had failed to file a pre-trial order causing the case to be dismissed. The complaint further alleged that Young's conduct violated DR 6-101(A)(3) in that he neglected a legal matter entrusted to him and violated DR 7-101(A)(2) because he intentionally failed to carry out a contract for professional services.[1]

Young filed an answer admitting the allegations of the complaint "except as explained."[2] The prayer of Young's answer in part states: "This plea of no contest is made by the accused who agrees to accept a reprimand or suspension from the practice of law for a period of thirty (30) days, * * *."

In March, 1983 Young and the Oregon State Bar Board of Governors entered into a Stipulation for Discipline pursuant to Rule of Procedure 37.1(c).

A summary of the stipulation as to the charging facts is as follows: Young was admitted to practice law in Oregon in April, 1977. After his admission he practiced criminal law exclusively in a public defender's office in Lane County until

---

[1]

"DR 6-101 Failing to Act Competently.

"(A) A lawyer shall not:

"(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.

"* * * * *

"(3) Neglect a legal matter entrusted to him."

"DR 7-101 Representing a Client Zealously.

"(A) A lawyer shall not intentionally:

"* * * * *

"(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105."

[2] The matters of "explanation" in Young's answer were later included in the Stipulation for Discipline entered into by Young and the Board of Bar Governors and are quoted at page 2 of the slip opinion.

June 30, 1979. Young entered the private practice of civil law in September 1979. He was admitted to the United States District Court on October 23, 1979, and on November 9, 1979 undertook to represent Nyong Etuk who was the plaintiff in an action pending in that court alleging a violation of civil rights. Young informed Etuk that he had no experience in the federal courts, but nonetheless agreed to represent Etuk if the filing of a pretrial order which was due on November 15, 1979 could be postponed. A postponement was obtained until February 15, 1980. Young made a number of attempts to draft the pretrial order but was unable to do so. A further extension until March 17, 1980 was obtained. Subsequently, Etuk's case was dismissed by the federal court due to Young's failure to draft and file the pretrial order.[3]

The Board of Governors and Young stipulated that the above described conduct was in violation of DR 6-101(A)(3) and DR 7-101(A)(2) of the Code of Professional Responsibility and that Young agreed to accept a public reprimand for the violation.

The stipulation by way of explanation of Young's conduct contains the following:

> "Mr. Etuk * * * gave instructions to the accused which forbid the accused to engage in any negotiations regarding settlement of the case. * * * [Young] found that the more effort he expended to complete the draft, the greater became his anxiety and frustration and the fewer results he was able to obtain. * * * At that time [last deadline] the anxiety, frustration and fear effectively prevented the accused from filing any document with regard to the case. The accused was frozen into inaction by his own inaction."

Many factors militate in favor of Young and are to his credit. He had several conferences with Etuk explaining his functional inability to prepare the pretrial order. Etuk rejected his suggestion that other counsel be retained. After the complaint was dismissed, Young again suggested to Etuk that other counsel be employed to attempt to have the case reinstated. This time Etuk accepted the suggestion. Young informed Etuk of the possibility of a malpractice action and

---

[3] The stipulation states that Etuk obtained other counsel who was successful in having the case reinstated and settled prior to trial.

how to make a complaint to the Oregon State Bar. He offered to cooperate in any way necessary to have Etuk's case reinstated. No prior complaints have been filed with the Oregon State Bar against Young and he has no prior record of reprimands, suspensions or disbarment.[4]

The Disciplinary Review Board has reviewed the matter and recommended that this court accept the Stipulation for Discipline.

The court accepts Young's no contest plea and approves the Stipulation for Discipline.[5] This opinion shall serve as a public reprimand. The Oregon State Bar is awarded costs.

---

[4] The facts in this paragraphs are taken from the stipulation.

[5] We approve the Stipulation for Discipline as appropriate to the stipulated facts, even though we have some doubt that a violation of DR 7-101(A)(2) has been shown. Possibly Young should have been charged under DR 6-101(A)(1) with handling a legal matter that he knew or should have known to be beyond his competence rather than under DR 7-101(A)(2). *See* n. 1, *supra.*